*In re* MINOCK'S ESTATE.

MINOCK *v.* UNION TRUST CO.

INSANE PERSONS—GUARDIAN AND WARD—ADJUDICATION OF COMPETENCY NECESSARY BEFORE RESTORATION OF PROPERTY.

Where plaintiff had been adjudged insane and a guardian appointed to manage his estate, an adjudication by the probate court that plaintiff is now sane does not entitle him to the custody of his property in the absence of an adjudication that he is competent to manage same (3 Comp. Laws 1915, § 13950).

Error to Wayne; Shepherd (Frank), J., presiding. Submitted January 3, 1922. (Docket No. 13.) Decided March 30, 1922.

218 Mich.—7.

Petition by Albert Minock against the Union Trust Company for the removal of defendant as guardian of the property of plaintiff.   The petition was denied in the probate court, and plaintiff appealed to the circuit court.   Petition dismissed.   Plaintiff brings error. Affirmed.

*Proctor K. Owens* (*Moore & Moore,* of counsel), for appellant.

*Campbell, Bulkley & Ledyard* (*Charles H. L'Hommedieu* of counsel), for appellee.

MOORE, J.   Mr. Minock was adjudged insane in August, 1908, and a petition was filed by Julia Minock, appellant's wife, praying that a guardian be appointed for appellant as a mentally incompetent person.   Edward Minock, a nephew, was appointed guardian.   He served until June 27, 1918, when he resigned, and soon after the Union Trust Company was appointed guardian.   Mr. Minock is possessed of a very considerable estate, and this proceeding is an effort to the end that he be put in possession and management of the estate.   It began in the probate court.   An appeal was taken to the circuit court, and the case is brought into this court by writ of error.

The petition of Mr. Minock reads in part:

"That your petitioner subsequent to being placed under guardianship of the Union Trust Company, by an order of this court, has come into possession of all of his reasoning faculties, and is mentally capable and able of taking care of his affairs and property.

"That on the 3d day of August, 1920, your petitioner filed a petition in this court praying this court to adjudicate him sane; that the matter was brought on before the Hon. Edgar O. Durfee for hearing on the 5th day of November, 1920, and upon hearing the proofs in the case the court adjudicated your petitioner sane, as is evidenced by a copy of the order attached hereto and made a part hereof.   *   *   *

"Therefore your petitioner prays:

"(*a*) That the Union Trust Company, guardian of your petitioner, be discharged as such guardian, and your petitioner be released from guardianship and restored to all his legal rights.

"(*b*) That this court make an order turning over to your petitioner all of his property, moneys, mortgages, notes and securities accounted for by the Union Trust Company, as guardian of your petitioner."

It will be observed that the petition does not suggest that Judge Durfee had adjudicated that plaintiff was competent to manage his property, and as a matter of fact the record does not show that, since the plaintiff was found to be incompetent to manage his property, any order has ever been made that he is now competent to manage his property.

Many questions are discussed by counsel, but in our view of the case it is not necessary to discuss them though they have all been considered.

Counsel for plaintiff seems to proceed upon the theory that, because an order has been entered that Mr. Minock is now sane, it must follow that the management of his property must be turned over to him as of course. We think this position is not tenable. It is due a guardian that, before it is required to turn over the large estate in its hands as guardian of an incompetent person, a hearing should be had upon the question of his competency, and an order made by the proper court adjudging the ward to be competent. This has not been done, and we think the judgment of the circuit judge should be affirmed. See section 13950, 3 Comp. Laws 1915; *Henderson* v. *Henderson*, 206 Mich. at p. 47 *et seq.*

Judgment is affirmed, with costs to the defendant.

FELLOWS, C. J., and WIEST, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.